IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEVEN EARL BONDS, # 24226-009                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO.   3:17cv109-DPJ-FKB

DR. "UNKNOWN" NATAL, ET AL.                                                   DEFENDANTS

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court Defendants' Motion to Dismiss [26], to which Bonds has failed to respond.   For the reasons discussed below, the undersigned recommends that this action be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies.[1]

I.   FACTS AND PROCEDURAL HISTORY

When Bonds filed his complaint, he was a federal prisoner incarcerated at the Federal Correctional Complex ("FCC") located at Yazoo City, Mississippi.[2]   In his complaint, Bonds alleges that Defendants violated his constitutional rights when they did not provide a certain type of medical treatment for him. [1] at 5-6.   After reviewing the complaint, the Court construed it as one brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that a plaintiff may seek damages from federal employees in their individual capacities for violations of federal rights).   [6].

The Defendants are Dr. Normal Natal, a medical officer at FCC Yazoo City; Thomas

---

[1] Because Defendants have submitted matters outside the pleadings in their Motion to Dismiss, the motion will be characterized as a motion for summary judgment and analyzed under those standards.  *Johnson v. King*, 2010 WL 4638213*, *1 (S.D. Miss. May 18, 2010)(citing *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991)).

[2] According to the website of the Bureau of Prisons, Bonds was released on January 9, 2018.   See https://www.bop.gov/inmateloc/.

Kane, Acting Director of the Bureau of Prisons; and Charles Samuels, retired Director of the Bureau of Prisons.   [27] at 1.   Bonds alleges that he filed an initial grievance with the institution, but he admits that he did not completely exhaust the grievance process by appealing to all levels within the grievance procedure.   [1] at 3-4.   Instead, he alleges that he sent letters directly to Defendants Samuels and Kane that requested a particular type of medical treatment.  *Id.* at 5.

## II.  DISCUSSION

Statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought.   The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA) states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).   In *Booth v. Churner*, 121 S. Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures.   *Id.* at 1825.   The United States Supreme Court further explained its position when it held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.   See *Porter v. Nussle*, 534 U.S. 516, 524 (2002)(commenting that federal prisoners suing under *Bivens* must first exhaust administrative remedies); *Jones v. Bock*, 127 S. Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense); *see also Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)("District courts have no discretion to

excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.").

In his complaint, Bonds admits that he has not exhausted his administrative remedies prior to bringing this suit, as is required by the PLRA. Moreover, according to the unrebutted evidence submitted by Defendants, Bonds has never filed an administrative remedy request during his entire period of incarceration. [26-2] at 4, 6. Bonds does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Department of Corrections*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). And Bonds's attempts to resolve the matter through letters written directly to Defendants Kane and Samuels did not exhaust his administrative remedies. "[E]xhaustion means proper exhaustion, *i.e.*, under the terms of and according to the time set by BOP regulations." *Lambert v. United States*, 198 Fed. App'x 836, 840 (11th Cir. 2006)(citing *Woodford v. Ngo*, 126 S. Ct. 2378, 2387-88 (2006)). "[M]ere substantial compliance with administrative remedy procedures" is insufficient. *Flores v. Lappin,* No. 13–41058, 2014 U.S.App. LEXIS 16635, at *2, 2014 WL 4239214 (5th Cir. Aug.28, 2014).

### III. CONCLUSION

Accordingly, for these reasons, the undersigned recommends that the Motion to Dismiss [26], or alternatively, motion for summary judgment, be granted, and that this action be dismissed without prejudice. Because the undersigned recommends dismissal on this basis, it

does not consider Defendants' other arguments for dismissal.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.   28 U.S.C. § 636, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 13th day of January, 2018.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE